351 F.Supp. 532 (1972)
LEARNING SYSTEMS, INC., Plaintiff,
v.
Sol LEVIN
and
Educational Aids Publishing Company, Inc., a Corporation, Defendants.
No. 72 C 261(2).
United States District Court, E. D. Missouri, E. D.
October 16, 1972.
*533 Donald V. Fraser, Jr., and Harold D. Carey, Carey & Goetz, St. Louis, Mo., for plaintiff.
Walter M. Clark and Thomas E. Wack, St. Louis, Mo., for defendant Educational Aids Publishing Co., Inc.
No appearance for Sol Levin.

MEMORANDUM OPINION AND ORDER
REGAN, District Judge.
This action was brought pursuant to Sections 1 and 2 of the Sherman Anti-Trust Act (15 U.S.C. §§ 1 and 2). Defendant Educational Aids Publication Co., Inc. (EAP) has moved to dismiss for improper venue. Plaintiff defends its choice of venue on the theory that EAP "transacts business" in this District within the meaning of Section 12 of the Act (15 U.S.C. § 22), and alternatively that said defendant has an agent in the district within the meaning of Section 4 (15 U.S.C. § 15).
We start with the premise that the statutory phrase "transacts business" is to be liberally construed, having in mind the Congressional purpose of enabling an injured person to have redress in his home district, "Congress's underlying assumption being that antitrust injuries usually result from business activity of the corporate offender occurring in the victim's home district." Eastland Construction Co. v. Keasbey and Mattison Co., 9 Cir., 358 F.2d 777, 780. Hence, a corporation may be held to "transact business" in a district even though its activities were such that it could not be held to be "found" in that district within the meaning of Section 4.
*534 The determination of whether a corporation transacts business within a district is not necessarily dependent on any one factor. It is uncontroverted that EAP has never had an office, factory or warehouse nor has it ever been listed in any telephone or other directory in the State of Missouri. Additionally, it has never owned any property, either real or personal, in this State nor has it made any purchases therein. Plaintiff relies primarily on the number and amount of the purchases made by it from EAP beginning in October, 1971 and ending on March 7, 1972. There were 14 such transactions, 8 in 1971 and 6 in 1972. The aggregate of these 14 separate transactions was in the sum of $6,492.27, about half of these being in 1971 and the remainder in 1972. These 1971 transactions together with all others in the district constituted approximately .8% of EAP's total sales volume for the year, and the 1972 transactions represented approximately 1.5% of EAP's sales for the first four months of the present year. All of these transactions represented orders sent by mail to EAP in the State of New York, each order being accompanied by a check in payment thereof.[1] Other than the sales to plaintiff there were only a few isolated instances wherein EAP sold merchandise in interstate commerce to one other company. These sales total $1,670.53 for the six months' period ending February 2, 1972. No other sales were made either before or after that date other than a few orders aggregating $714.65, received as the result of a display at a convention booth in November, 1971, which was occupied by independent sales representatives.
For the purpose of determining whether a corporation transacts business within a district the courts have held that the business must be in a substantial amount. Such substantiality is to be treated from the average businessman's point of view, which is not necessarily dependent on the percentage of the gross sales in the district to the total sales of the corporation. Factors such as continuity, solicitation and advertising are to be taken into consideration in appraising the substantiality of the sales within the district.
Both parties have cited cases tending to support their respective contentions, but for reasons which follow we find it unnecessary to make a definitive determination as to whether the aggregate sales by EAP in this district are sufficient to meet the test of transacting business. As Eastland Construction Co., supra, notes, the statutory phrase "transacts business" is written in the present tense, not in the past. The result is that there is a division in the decisions as to whether the phrase refers to the time when suit is filed or when the cause of action accrued. The Eighth Circuit has not yet ruled this question, although in construing the "doing business" requirement of 28 U.S.C. § 1391(c), the Court of Appeals for this Circuit held that such requirement was satisfied "by showing that the defendant corporation was doing business in the district at the time the cause of action arose." Farmers Elevator Mutual Ins. Co. v. Carl J. Austad & Sons, Inc., 343 F.2d 7, 12.
As we view the pertinent facts, the result in the present case would be the same whichever line of authority is followed. The complaint alleges that the conspiracy was entered into "during the latter part of April," so that venue under Section 12 would be improper absent a showing that EAP was transacting business in this district either at that time or thereafter. Plaintiff specifically alleges that its last purchase from EAP was on March 7, 1972, but more importantly, further alleges that EAP refused thereafter to do any more business with it.
It is apparent, therefore, that insofar as its relationship to plaintiff is concerned, *535 EAP ceased transacting business in this district as of March 7. And there is a complete absence of any factual showing that EAP transacted any other business whatever in this district after that date. As for the insignificant and isolated transactions with others than plaintiff prior to March, 1972, it is our judgment that the amount and extent thereof are entirely too insubstantial to constitute transacting business within the meaning of the statute.
In view of the fact that whatever cause of action plaintiff may have could not have accrued until "the latter part of April" or in any event more than a month after EAP ceased transacting business in this district, there is not here present a situation where an alleged wrongdoer withdraws from the transaction of business in a state after it has inflicted an injury. We hold that plaintiff may not sustain venue on the theory that EAP "transacts business" in this district, either as of the time of the accrual of the alleged claim or at the time the suit was filed very shortly thereafter, on April 26, 1972.
Plaintiff's alternate basis for venue (Section 4) is that EAP had an "agent" in this district. The background facts for this theory is that defendant Levin, the alleged co-conspirator with EAP, became plaintiff's employee in the early part of 1972 after a brief association with EAP and he continued in that employment until April 10, 1972. As such employee, Levin moved from his home in New York state to a rented apartment in this district where he still "resided" as of April 26, 1972. There is not the slightest scintilla of evidence that Levin acted as "agent" of defendant or performed any service as such in this district either in the short period of time intervening from April 10, 1972 to the time the suit was brought or thereafter, and we find as a fact that Levin was not in fact an "agent" of EAP within the statutory meaning of that term. So far as we have been able to ascertain, Levin was not even physically present in the district after he renewed his association with EAP and prior to the institution of this suit. The mere coincidental fact that his place of residence may have been in this district is not sufficient to demonstrate that he was in this district for the purpose of acting as agent for EAP, and the facts demonstrate the contrary.
It follows that the motion of defendant Educational Aids Publication Co., Inc. to dismiss for improper venue is well taken. Accordingly, said motion is hereby sustained and this cause is ordered dismissed without prejudice as to said defendant for improper venue.
NOTES
[1] On several occasions plaintiff's check was for slightly less than the amount of the order so that a very small amount remained unpaid at the time the orders were shipped.